**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GOPETS LTD., a limited liability Korean corporation, | No. 12-56863 |
| Plaintiff - Appellee, | D.C. No. 2:07-cv-01870-AHM-VBK |
| v. | |
| EDWARD HISE, an individual; et al., | MEMORANDUM[*] |
| Defendants, | |
| And | |
| JOSEPH HISE, an individual, | |
| Defendant - Appellant. | |

| | |
|---|---|
| GOPETS LTD., a limited liability Korean corporation, | No. 12-56864 |
| Plaintiff - Appellee, | D.C. No. 2:07-cv-01870-AHM-VBK |
| v. | |
| EDWARD HISE, an individual, | |
| Defendant - Appellant, | |

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

And

JOSEPH HISE, an individual and
DIGITAL OVERTURE, INC., a California
corporation,

            Defendants.

Appeal from the United States District Court
for the Central District of California
Alvin Howard Matz, District Judge, Presiding

Submitted October 6, 2014[**]

Before: THOMAS, Chief Judge and D.W. NELSON and LEAVY, Circuit Judges.

Joseph Hise ("Hise") appeals the district court's award of attorney's fees to GoPets LTD. ("GoPets"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We decline to revisit the merits of the underlying claims we already have decided, *GoPets LTD v. Hise*, 657 F.3d 1024 (9th Cir. 2011), as that decision is law of the case, *United States v. Jingles*, 702 F.3d 494, 498 (9th Cir. 2012).

The district court did not err in deeming this case exceptional. 15 U.S.C. § 1117(a). The record supports the district court's finding that Hise acted willfully

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and in bad faith.  *Gracie v. Gracie*, 217 F.3d 1060, 1068 (9th Cir. 2000); *see also*

*TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) ("[T]he

district court's willfulness finding is supported by evidence that defendants

planned to mislead site visitors and knew that their conduct confused consumers.").

The district court awarded reasonable attorney's fees.  15 U.S.C. § 1117(a).

Hise did not challenge the original $76,260 in fees awarded while his first appeal

was pending.  On remand, the district court determined that half of the original fee

award was reasonably attributable to the gopets.com claim, and thus reduced the

original award by half.  The district court also reasonably reduced excessive hours

claims for the preparation of a straightforward fee application.  The district court

properly explained its reasoning and did not abuse its discretion.

**AFFIRMED.**